# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1883V
(not to be published)

| | |
|---|---|
| FRANCES A. VACCARO,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: August 31, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Wes Baker Allison*, Kahn Law Firm, LLP, Charleston, SC, for Petitioner.

*Rachelle Bishop*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 12, 2019, Frances A. Vaccaro filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injuries related to vaccine administration as a result of an influenza vaccine administered on October 2, 2018. (Petition at 1). On February 2, 2022, a decision was issued awarding compensation to Petitioner in the amount of $110,791.11. (ECF No. 44).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated July 13, 2022, (ECF No. 51), requesting a total award of $39,895.16 (representing $37,800.60 in fees and $2,094.56 in costs). In accordance with General Order No. 9, Petitioner also has filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 51-3). Respondent reacted to the motion on July 25, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring determination of the amount to be awarded to my discretion. (ECF No. 52). On July 26, 2022, Petitioner filed a reply requesting fees and costs be awarded as requested in Petitioner's motion for attorney's fees and costs. (ECF No. 53).

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner is requesting the following rates for his attorney Wes B. Allison $350 for all time billed between 2019-22. (ECF No. 54-1 at 1). Mr. Allison has been a licensed attorney since 2012, placing him in the range of attorneys with 4-7 years' experience for time billed from 2019, and the range of 8-10 years' experience for time billed from 2020-22. These ranges are based on the OSM Attorney Fees Rate Schedule.

Although the requested rates are within the appropriate experience ranges, Mr. Allison does not have demonstrated Vaccine Act experience, with this matter being his first Program case setting an hourly rate. It is therefore improper for Mr. Allison to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. See *McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to reduce the requested rates to the following: $275 per hour for time billed in 2019; $300 per hour for time billed in 2020; and $325 per hour for time billed in 2021. Adjustment of these rates reduces the amount to be awarded in the amount of **$2,453.75**.[3] The requested rate of $350 per hour for time billed in 2022 shall be awarded.

## ATTORNEY COSTS

Petitioner requests $2,094.56 in overall costs. (ECF No. 51 at 2). This amount is comprised of obtaining medical records, travel costs, and the Court's filing fee. I have reviewed the requested costs, find them to be reasonable, and therefore award the requested amount in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$37,441.41** (representing $35,346.85 in attorney's fees and $2,094.56 in costs) as a lump sum in the form of a check jointly payable to Petitioner and

---

[3] This amount is calculated as follows: ($350 - $275 = $75 x 11.5 hrs = $862.50) + ($350 - $300 = $50 x 18.7 hrs = $935) + ($350 - $325 = $325 x 26.25 hrs = $656.25) = $2,453.75.

Kahn Law Firm, LLP. **Petitioner requests payment be forwarded to Kahn Law Firm, LLP, P.O. Box 31397, Charleston, SC 29417**. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]


**IT IS SO ORDERED.**

s/Brian H. Corcoran  
Brian H. Corcoran  
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.